**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS E. PARKER, Jr., Qui Tam
Plaintiff  for and on behalf of the United
States of America and the State of
Washington,

        Plaintiff-Appellant,

 and

UNITED STATES OF AMERICA, ex rel;
STATE OF WASHINGTON, ex rel,

        Plaintiffs,

 v.

SEA-MAR COMMUNITY HEALTH
CENTER, a Washington Public Benefit
Corporation,

        Defendant-Appellee.

No. 20-35825

D.C. No. 3:18-cv-05395-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

---

       [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted July 6, 2021
Seattle, Washington

Before: HAWKINS, CLIFTON, and IKUTA, Circuit Judges.

Parker appeals from the dismissal of his False Claims Act lawsuit. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

Parker claims that Sea Mar Community Health Center, a federal qualified health center, is defrauding Medicaid through how it schedules and bills for oral prophylaxis cleanings. Sea Mar moved to dismiss Parker's lawsuit. Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Godecke ex rel. United States v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). As False Claims Act lawsuits sound in fraud, the complaint must satisfy Federal Rule of Civil Procedure 9(b). *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1116 (9th Cir. 2020). Parker is required to plead "with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), and to plead "'the who, what, when, where, and how of the misconduct charged,' including what is false or misleading about a statement, and why it is false," *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (quoting

2

*Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). We review the district court's dismissal of a case de novo. *Winter*, 953 F.3d at 1116.

Parker fails to state a legally cognizable theory that "unbundling" routine dental cleanings from dental exams and billing the cleanings under the supervising dentist's National Provider Identifier ("NPI") rather than the NPI of the dental hygienist who performed the cleaning constitutes "a false statement or fraudulent course of conduct." *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006). Nothing in the statute, regulations or guidance prohibits scheduling dental exams and cleanings in separate visits and billing each as an encounter. *Contra* Wash. Admin. Code § 182-548-1450(3) (2017) (requiring fluoride treatments and sealants be provided on the same day as an encounter-eligible service). There is also nothing prohibiting billing under the supervising dentist's NPI. To the contrary, a dentist must supervise a dental hygienist performing in-clinic cleanings, Wash. Admin. Code § 246-817-550(9), and the billing guidelines note that "a dental hygienists may bill an encounter only when s/he provides a service independently – not jointly with a dentist." Parker fails to plead a legally cognizable theory that the alleged billing and scheduling of cleanings by Sea Mar are fraud against Medicaid as Sea Mar's billing procedures comport with Washington law.

3

The complaint also fails to plead scienter as to the alleged fraudulent nature of the unbundling and using the dentist's NPI to bill cleanings performed by a dental hygienist. As these practices are not prohibited by statute, regulations, or guidelines, Sea Mar could not have submitted the claims with the "knowledge of the falsity and with intent to deceive." *See Hendow*, 461 F.3d at 1175.

Finally, Parker does not adequately plead the materiality of the alleged wrongdoing by Sea Mar. It would be clear on the face of the Medicaid claims if Sea Mar were scheduling cleanings separate from dental exams as the claim form requires the procedure code for all services provided. As the Washington Health Care Authority paid the claims without objection, there "is strong evidence" that the alleged unbundling, even if below the standard of care, is not material. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2004 (2016). It is also clear on the face of the claim forms that a dentist's NPI was being used to bill services typically performed by dental hygienists, such as dental cleanings. Again, the Washington Health Care Authority knowingly paid these claims. Plaintiff failed to adequately rebut the strong evidence that any alleged false statements or fraudulent course of action was material to the government payor.

**AFFIRMED.**

4